UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID R. MYRLAND,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF KIRKLAND, et. al.<br><br>   Defendants.<br>_____ | CASE NO. C04-1640-MJB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS  FOR DEFAULT JUDGMENT AND STRIKING ANSWER AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

   On July 23, 2004, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against

the municipality and two municipal judges sitting *in pro tempore*.  On July 23, 2004,

Plaintiff filed a complaint followed by an Amended Complaint on September 1, 2004.

Defendants' Answer was filed on June 6, 2005, eight and one-half months later.   Plaintiff

is seeking a Default Judgement for the late filing of the Answer.  Defendants have filed a

Motion for Summary Judgment.  Both motions and a related motion to strike the answer

will be addressed in this court order.

### A. <u>PROCEDURAL HISTORY</u>

   Procedurally, the timing matters.  On July 23, 2004, Plaintiff filed a complaint.

1  Dkt. # 1  Five days later, on July 28, 2004, Defendants filed a notice of appearance. Dkt.

2  # 3.  On September 1, 2004, Plaintiff filed an Amended Complaint (Dkt. # 6) and on

3  September 14, 2004, Defendants filed Initial Disclosures. Dkt. # 8.  Plaintiff filed his

4  Motion for Default Judgment on June 1, 2005 . Dkt. # 21.  On June 6, 2005, five days

5  later, the Defendants filed their Answer.  Dkt. # 24.  On June 13, 2005, Defendants filed

6  their response to Plaintiff's motion for default judgment along with a Motion for

7  Summary Judgment.  Dkt. ## 25, 29.  Plaintiff responded with a supplemental brief on

8  June 16, 2005, and a reply to Defendant's response on June 23, 2005.  Dkt. ## 31, 34.

9  Thereafter, Plaintiff filed a Motion to Strike the Answer to which Defendants filed their

10  response.  Dkt. ## 35, 37.  Plaintiff filed his response to the summary judgment motion

11  on July 5, 2005.  Dkt. # 38.  Defendants filed their reply brief on July 8, 2005.  Dkt. # 41.

12  This matter is ripe for review.

13  B.  <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

14  Federal Rule of Civil Procedure 55(a) authorizes default judgment where a party

15  against whom affirmative relief is sought fails to plead or otherwise defend the action.

16  Can the notice of appearance and the initial disclosures suffice as "otherwise defending"

17  this action as contemplated by this rule?

18  The courts disfavor default judgment because cases should be decided on their

19  merits whenever reasonably possible.  *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.

20  1986) (*citing Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

21  Moreover, the district court has wide discretion in determining whether judgment by

22  default should be entered.  *Henry v. Metrolpolitan Life Ins. Co.,* 3 F.R.D. 142 (W.D.Va.

23  1942).

24

25

26  ORDER DENYING PLAINTIFF'S MOTIONS FOR
   DEFAULT JUDGMENT AND STRIKING
   ANSWER AND GRANTING DEFENDANTS'
   MOTION FOR SUMMARY JUDGMENT   -   Page 2

1    Plaintiff argues that the late filing of the answer prejudiced him by impeding

2    discovery and preparation for the trial set in September 2005.[1]  Plaintiff claims that not

3    only did Defendants fail to file a timely answer, they were also unresponsive to his

4    attempts at communicating, failed to hold a conference, and were "willfully evasive" in

5    their response to his request for admissions.[2]  Dkt. # 21.  Plaintiff emphasizes that

6    defense counsel's maternity leave was an insufficient basis for delay in filing the answer.

7    Dkt. ## 31, 34.

8    In response, Defendants argue that their actions demonstrate their willingness to

9    defend against the lawsuit.  Defendants note that defense counsel filed a Notice of

10   Appearance five days after service and a short time later a notice of association of

11   counsel was filed; Initial Disclosures pursuant to FRCP 26(a) were filed fourteen days

12   after the Amended Complaint was filed and evidence was made available for Plaintiff's

13   review; and Defendants filed their Status Report (intended to be a joint status report)

14   without the benefit of Plaintiff's input because of his failure to attend/participate in the

15   conference.  Dkt. # 25.  Defendants add that defense counsel, Ms. Wiley, filed a notice of

16   unavailability because of maternity leave, which was served  upon the court and the

17

18

19       [1] In his supplemental pleading of June 16, 2005, Plaintiff implies that the Court's failure to
     set a hearing in this case on the noting date in some way reflects the court's  bias or an
20   appearance of unfairness. Dkt. # 31.   The noting date is a in part scheduling device used to
     trigger the Court's attention to the matter and to safeguard against any cases "falling through the
21   cracks."  It is not a guaranteed date for response from the Court.  The record shows that the
     Court gave both parties its assurances of due consideration during a conference call conducted
22   after many, many inquiries by the Plaintiff for the court's attention to this matter.

23
         [2] Plaintiff also alleges that Defendants received a request for a video or audio copy of his
24   hearing and failed to comply with such a request.  However, this request was made prior to the
     commencement this law suit and as such will not be considered by the court.
25

26   ORDER DENYING PLAINTIFF'S MOTIONS FOR
     DEFAULT JUDGMENT AND STRIKING
     ANSWER AND GRANTING DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT   -   Page 3

1    Plaintiff.  Dkt. ## 25, 26.  Once on maternity leave, Shannon M. Ragonesi, took over the

2    case and in her declaration indicated she had not received further discovery requests from

3    the Plaintiff, but rather only a demand letter dated March 14, 2005, and received on

4    March 16, 2005.  Dkt. ## 28, 30.  In essence, Defendants urge the court to deny default

5    judgement based upon a record that shows their intentions to defend the case despite the

6    late filing of the answer due to the counsel's maternity leave.

7         The Court concludes that Plaintiff's reliance upon Fed. R. Civ. P 55 (a) in this

8    case is misplaced.  The Court does not condone the late filing of the Answer, but does

9    find that the Notice of Appearance, the Initial Disclosures, the response to the Request for

10   Admissions, the filing of the Status Report, and Defendants' prompt response to the

11   motion for default judgment do demonstrate compliance with the requirement "to plead or

12   otherwise defend" under Fed. R. Civ. Pro. 55(a).

13        Under these facts, we find persuasive the view that Plaintiff was not prejudiced by

14   the Defendants' failure to file an Answer.  In addition to obtaining the Initial Disclosures,

15   Plaintiff received Defendants' responses to his Request for Admissions.  While Plaintiff

16   alleges that these responses were evasive, Defendants point out that he did not inform

17   them that he considered the responses incomplete, request supplementation, or move to

18   compel additional responses.  Thus, Plaintiff was not prevented from engaging in

19   discovery or preparing for trial.  Equally persuasive is the fact that Plaintiff failed to

20   participate in the discovery conference, which preceded Ms. Wiley's leave.  Plaintiff does

21   not appear to lack any desire nor ability to zealously pursue a favorable ruling, which

22   arguably was available anytime after October, 2005, though he waited until June, 2005.

23   Whether he waited to file this motion knowing of counsel's unavailability due to

24   maternity leave, the Court will not speculate.  As will be discussed below, the court

25

26   ORDER DENYING PLAINTIFF'S MOTIONS FOR
     DEFAULT JUDGMENT AND STRIKING
     ANSWER AND GRANTING DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT   -   Page 4

1    favors resolution of this case on its merits.  *See Eitel*, 782 F.2d at 1472.  Accordingly, in

2    the exercise of this court's discretion in these matters, Plaintiff's Motion for Default

3    Judgment is Denied.[3]

4          C.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL

5          Defendants Hurtado and Graham assert relief from judgment on all claims based

6    upon the doctrine of absolute judicial immunity.  Defendant City of Kirkland seeks

7    dismissal based upon a Plaintiff's failure to meet the requirement for suing a

8    municipality.

9          **1. Summary Judgment Standard**

10         Defendants have moved for summary judgment pursuant to Federal Rule of Civil

11   Procedure 56.  "One of the primary purposes of the summary judgment rule is to isolate

12   and dispose of factually unsupported claims or defenses."  *See Celotex v. Catrett*, 477

13   U.S. 317, 323-24 (1986).  Summary judgment is appropriate if there is no genuine issue

14   of material fact and the moving party is entitled to judgment as a matter of law.  *See*

15   *Swayze v. United States*, 785 F.2d 715, 717 (9th Cir. 1986) (citing Fed. R. Civ. P. 56(c)).

16   The standard provided by Rule 56 requires not only that there be some alleged factual

17   disputes between the parties, but also that there be *genuine* issues of material fact.  *See*

18   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "The summary judgment

19   inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has

20   proffered sufficient proof, in the form of admissible evidence, that could carry the burden

21   of proof of [the] . . . claim at trial."  *See Mitchell v. Data General Corp.*, 12 F.3d 1310,

22   1315 (4th Cir. 1993).

23

24         [3] Based upon this order denying default judgement, the motion to strike answer is also
     DENIED.

25

26   ORDER DENYING PLAINTIFF'S MOTIONS FOR
     DEFAULT JUDGMENT AND STRIKING
     ANSWER AND GRANTING DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT   -   Page 5

1       To meet the initial burden under Rule 56, "the party seeking summary judgment

2 always bears the initial responsibility of informing the district court of the basis for its

3 motion, and identifying those portions of 'the pleadings, depositions, answers to

4 interrogatories, and admissions on file, together with affidavits, if any,' which it believes

5 demonstrate the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at

6 324.  The burden shifts to the non-movant only if the moving party has established that

7 there is a lack of a genuine issue of material fact. *See Anderson,* 477 U.S. at 250.  If the

8 movant meets this burden, then summary judgment will be granted unless there is

9 significant probative evidence tending to support the opponent's legal theory. *See First*

10 *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968).

11           **2.  Civil Rights Action under Title 42 Section 1983**

12       In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a

13 right secured by the Constitution or laws of the United States; and (2) that such

14 deprivation was committed by a person acting under the color of state law. *See West v.*

15 *Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

16 Plaintiff must allege facts showing how individually named defendants caused or

17 personally participated in causing the harm alleged in the complaint.  Furthermore,

18 Plaintiff must set forth the specific factual basis upon which he or she claims each

19 defendant is liable.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

20            a. Judicial Immunity

21       Regarding the issue of immunity as a defense for Hurtado and Graham, Plaintiff

22 argues that Defendant Hurtado "had no oath of office" and as such is not entitled to

23 judicial immunity.  Dkt. # 38.  Plaintiff's argument rests on his belief that Judge Hurtado

24 did not complete an Oath of Office, and the Oath of Office presented by Defendants (Dkt.

25

26 ORDER DENYING PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT AND STRIKING
ANSWER AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT   -   Page 6

1   # 30, ex. 2) was fabricated.  Plaintiff, however, has presented no evidence regarding his

2   allegation, other than his own belief.

3        As a settled matter of law, judicial immunity is a defense to an action under §

4   1983.  *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).  Both Hurtado and Graham were

5   acting as *pro tempore* judges and engaged in their official duties when the Plaintiff

6   appeared before them as a person accused of misdemeanor offenses.   Dkt. # 29.  None of

7   the arguments and citations offered by Plaintiff overcome the fact that judges are afforded

8   absolute immunity for acts done in their official capacity.  Accordingly, actions under §

9   1983 against these two defendants are dismissed with prejudice and their summary

10   judgement is GRANTED.

11                   b.  Municipal Liability

12        A municipality cannot be held liable under § 1983 solely on the basis of

13   supervisory responsibility or *respondeat superior.  Monell v. New York City Dept. of*

14   *Social Services*, 436 U.S. 658, 691 (1978).  In order to sue the City of Kirkland, Plaintiff

15   must allege facts showing that any constitutional deprivation suffered was the result of a

16   "custom or policy" of City of Kirkland.  *See, e.g.*, *Ortez v. Washington County*, 88 F.3d

17   804, 811 (9th Cir. 1996).

18        Here, Plaintiff claims that he "presumed the matter of policy was well settled,

19   since the acts complained of took place in open court, in front of policy makers in

20   executive and judicial branches ..."  Even assuming, *arguendo,* that the acts complained

21   of amounted to a constitutional deprivation, Plaintiff has proffered no proof that this one

22   instance came as a result of "custom or policy."  Under *Monell v. Department of Social*

23   *Services,* 436 U.S. 658, 695 (1978) and the doctrine of *respondeat superior*, when the

24   elements for a § 1983 action against a municipality are not met, such action should be

25

26   ORDER DENYING PLAINTIFF'S MOTIONS FOR
    DEFAULT JUDGMENT AND STRIKING
    ANSWER AND GRANTING DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT   -   Page 7

1  dismissed.  Thus, in the absence of any facts regarding custom or policy, this claim is not

2  sustainable.  Defendant City of Kirkland's motion for summary judgement is GRANTED.

3       The Clerk is directed to send a copy of this order to Plaintiff and counsel for

4  Defendants.

5       DATED this  12th  day of August, 2005.

6

7                                _____

8                                MONICA J. BENTON
                                 United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER DENYING PLAINTIFF'S MOTIONS FOR
    DEFAULT JUDGMENT AND STRIKING
    ANSWER AND GRANTING DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT   -   Page 8